RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

FILED
IN CLERKS OFFICE

2004 JUL -7 P 3: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TYCO HEALTHCARE GROUP LP

Plaintiff,

v.

MEDICAL PRODUCTS, INC.

Defendant.

Civil Action No.

04-11524 DPW

MAGISTRATE JUDGE Alexander

## COMPLAINT

Plaintiff Tyco Healthcare Group LP ("Tyco Healthcare") brings this action seeking injunctive relief, damages, double and treble damages, attorneys' fees, and other relief due to the fraudulent conduct of Medical Products, Inc. ("MPI"). MPI engaged in a scheme to defraud Tyco Healthcare, using false statements and falsified invoices, in order to induce Tyco Healthcare to pay MPI hundreds of thousands of dollars in unearned rebate payments. Tyco Healthcare seeks to recover the substantial damages caused to it by reason of MPI's fraud and deceit, unfair and deceptive acts and practices in violation of Mass. Gen. Laws ch. 93A, breach of contract, and breach of the implied covenant of good faith and fair dealing, all resulting in substantial damages to Tyco Healthcare.

## PARTIES

1. Tyco Healthcare is a Delaware limited partnership with a usual place of business in Mansfield, Massachusetts. Tyco Healthcare manufactures and sells various medical products.

2. MPI is a Mississippi corporation with a usual place of business in Ripley, Mississippi. MPI purchases medical products from manufacturers and distributes those medical products to various end-users.

## JURISDICTION AND VENUE

3. Personal jurisdiction over MPI in Massachusetts exists pursuant to Mass. Gen. Laws ch. 223A, §3, the Massachusetts "long-arm" statute because MPI committed fraudulent acts in Massachusetts, entered into, and breached, agreements in Massachusetts, committed tortious acts in Massachusetts, causing substantial harm and damages in Massachusetts, and does business in Massachusetts.

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds $75,000 and the controversy is between citizens of different states.

5. Tyco Healthcare is a citizen of Delaware and the Commonwealth of Massachusetts for purposes of this action because it has its principal place of business in Massachusetts. None of the partnership interests of Tyco Healthcare are citizens of Mississippi.

6. MPI is a citizen of Mississippi for purposes of this action because it is a Mississippi corporation and has its principal place of business in Mississippi.

7.  Venue in this court is proper because Tyco Healthcare's principal place of business is in Mansfield, Massachusetts and a substantial number of events, including fraudulent acts of MPI, giving rise to Tyco Healthcare's claims occurred in this District.

## FACTS

### Background

8.  Tyco Healthcare is engaged in the business of manufacturing and selling health care products. As used herein, the term "Tyco Healthcare" includes its divisions, including The Kendall Company. This matter concerns needle and syringe products manufactured and sold to MPI by Tyco Healthcare (the "Products").

9.  Tyco Healthcare uses a number of distributor arrangements to sell the Products to end-user customers in various markets.

10. Customers for the Products include end-users in veterinary medicine (the "veterinary market") and human healthcare facilities such as nursing homes and clinics, which are referred to as alternate sites (the "alternate site market").

11. Among the arrangements used by Tyco Healthcare to distribute the Products in the market are "rebate contracts" and "net bill contracts" with distributors.

12. Under a rebate contract, a distributor agrees to purchase Products at a dealer list price, which the distributor pays to Tyco Healthcare. Provided the distributor's sales to end-users are consistent with Tyco Healthcare's policies, the terms of the rebate contracts, and other applicable distributor agreements and policies, the distributor may apply for and receive a rebate of a portion of the dealer list price.

13. Under a net bill contract, a distributor agrees to purchase Products at a price determined by the contract, and to be bound by other terms of the net bill contract. Under a net bill contract, the distributor is generally not entitled to a rebate.

14. Reflecting costs and other market dynamics, rebate contracts are not used for sales to the veterinary market, and distributors are generally not entitled to receive rebates for sales to the veterinary market.

15. Tyco Healthcare's Rebate Policy is incorporated into Tyco Healthcare's rebate contracts. A copy of the Rebate Policy is provided to all distributors with rebate contracts, including MPI.

16. Under the Rebate Policy a distributor is eligible to receive a contract rebate only if the product was sold directly to a qualified customer eligible to purchase that product under a contract duly authorized by Tyco Healthcare.

17. Further, under the Rebate Policy, Tyco Healthcare reserves the right to conduct audits of the distributor's purchases at reasonable times and the distributor agrees to cooperate fully in providing files and documents necessary for such audits.

18. In order to receive a qualified rebate, a distributor must submit a Rebate Claim Form that includes evidence of the sale of the Products to qualified customers.

19. In doing so, the distributor certifies that the information contained in the Rebate Claim Form is accurate and that the rebate request meets all the policy requirements.

20. Distributors submitting rebate claims, including MPI, agree that in the event of an unauthorized rebate payment, Tyco Healthcare may recover any moneys paid in addition to reasonable costs associated with audit and collection procedures.

21. The Tyco Healthcare Distributor Policies and Procedures similarly provide that "Distributor must sell contracted Product directly to a qualified Customer eligible to purchase that Product under a Rebate (charge back) Contract duly authorized by [Tyco Healthcare] Affiliate."

### The MPI Rebate Scam

22. MPI is a medical equipment supplier located in Ripley, Mississippi.

23. In 1999, MPI had been a Tyco Healthcare distributor under a net bill contract. MPI violated its agreement and obligations under the net bill contract, was informed of those violations, and the net bill contract was terminated.

24. In early 2001 MPI's president, Eddie McCafferty, contacted a Tyco Healthcare sales representative and asked for information about "how the rebate program works." Mr. McCafferty and MPI then sought to obtain rebate contracts with Tyco Healthcare.

25. In seeking rebate contracts from Tyco Healthcare, Mr. McCafferty and MPI represented that CP Medical, a Portland, Oregon company, would purchase Tyco Healthcare products through MPI. Mr. McCafferty and MPI contacted Tyco Healthcare representatives and, based on MPI's representation that the MPI purchases of Products for sale to CP Medical were consistent with rebate contract terms and conditions, obtained a rebate contract with Tyco Healthcare for Products sold by MPI to CP Medical.

26. In March 2003, based on similar representations, MPI obtained a similar rebate contract from Tyco Healthcare for products that MPI falsely represented were to be sold to CP Medical.

27. Following the 2001 rebate contract and continuing until at least July 2003, MPI regularly purchased from Tyco Healthcare types of Products, including needles, syringes and other products, that are of the type used by end-users in both the veterinary and alternate site markets.

28. Between July 2001 and July 2003, MPI submitted over seventy fraudulent rebate claim forms which falsely represented that sales qualifying for rebates were made to CP Medical. These fraudulent claim forms were intended to defraud, and did defraud Tyco Healthcare.

29. In reliance on the fraudulent rebate claim forms submitted by MPI, Tyco Healthcare was deceived into paying to MPI over $430,000.00.

30. The representations by Mr. McCafferty and MPI that the Products were purchased by MPI and sold to CP Medical under the rebate contract were knowingly false at the time they were made.

31. CP Medical did not purchase the Products that MPI had falsely claimed to have sold to CP Medical. Instead, MPI diverted the Products to other end-users.

32. When Tyco Healthcare representatives questioned MPI and Mr. McCafferty about the MPI rebate claims and purported sales to CP Medical, Mr. McCafferty and MPI made repeated false statements in an attempt to conceal and further MPI's scheme to defraud Tyco Healthcare.

33. MPI submitted fraudulent invoices, which falsely stated that MPI had made Product sales to CP Medical.

34. MPI, despite a duty to disclose truthful information and cooperate with any audit or inquiry by Tyco Healthcare, refused to provide truthful information or requested documents.

35. As described herein, in furtherance of the MPI's scheme to defraud Tyco Healthcare, MPI engaged in numerous fraudulent acts, including, without limitation, the following:

    a. Sending to Tyco Healthcare's principal place of business in Mansfield, Massachusetts over seventy fraudulent rebate claim request forms, each one of which contained the knowing false statement that the products identified by MPI on the rebate claim request form had been sold by MPI to CP Medical. MPI sent these false statements and rebate requests to Tyco Healthcare by wire with the intent to further their scheme of defrauding Tyco Healthcare on at least the following occasions:

        i. April 9, 2001

        ii. May 8, 29, 2001

        iii. June 8, 13, 20, 27, 2001

        iv. August 2, 10, 20, 2001

        v. September 4, 21, 24 and 25, 2001

        vi. October 24, 2001

        vii. November 8, 19, 28, 2001

        viii. December 11, 17, 2001

        ix. January 4, 15, 21, 28, 2002

  x. February 5, 14 and 22, 2002

  xi. March 8, 19 and 26, 2002

  xii. April 3, 8, 16 and 22, 2002

  xiii. May 1, 10, 13, 15, 16, 17, 21, 23 and 31, 2002

  xiv. June 4, 11, 20 and 27, 2002

  xv. July, 1 and 24, 2002

  xvi. August 12, 2002

  xvii. September 9 and 16, 2002

  xviii. October 7, 10 and 31, 2002

  xix. November 19, 2002

  xx. December 5, 2002

  xxi. January 9 and 15, 2003

  xxii. February 11, 2003

  xxiii. March 27 and 31, 2003

  xxiv. April 9 and 14, 2003

  xxv. May 16, 21, 27 and 29, 2003

  xxvi. June 2, and 17, 2003;

  xxvii. July 1, 14 and 22, 2003;

b. For the purpose of continuing and concealing its scheme to defraud Tyco Healthcare, and with the intent to deceive Tyco Healthcare, on August 21, 2003 MPI sent by mail to Tyco Healthcare's distributor audit manager in Tyco Healthcare's principal place of business in Mansfield, Massachusetts over fifty "invoices" which were fraudulent

8

in that each "invoice" contained the false statement "sold to CP Medical." In fact, none of the products identified on the invoices were sold to CP Medical.

c. With the intent of continuing and concealing its scheme to defraud Tyco Healthcare, on August 21, 2003, MPI sent by mail to Tyco Healthcare's distributor audit manager employed in Tyco Healthcare's principal place of business in Mansfield, Massachusetts a letter containing additional false statements, including false statements such as "The following are invoices of products shipped," and that invoices prior to March 2003 did not exist because "the past price changes are purged from one year to the next."

## COUNT I

### Mass. Gen. Laws ch. 93A, §§ 2 and 11

36. Tyco Healthcare restates the allegations contained in Paragraphs 1 through 35.

37. MPI is engaged in trade or commerce in Massachusetts.

38. MPI's diversion of Products to markets in violation of the MPI Rebate Contracts, submission of false rebate claims and other false information; making of false statements; failing to comply with reasonable audit and verification requests; failing to disclose what it was required to disclose; and other acts and omissions all constitute unfair or deceptive acts or practices, and unfair methods of competition, in violation of Mass. Gen. Laws ch. 93A §§2 and 11.

39. The actions or transactions constituting unfair or deceptive acts in violation of Mass. Gen. Laws ch. 93A occurred primarily and substantially in Massachusetts.

40. The actions of MPI in violation of Mass. Gen. Laws ch. 93A were intentional and willful, and caused and continue to cause substantial harm and damages to Tyco Healthcare.

## COUNT II

### FRAUD, MISREPRESENTATION, AND DECEIPT

41. Tyco Healthcare restates the allegations contained in Paragraphs 1 through 40 of this Complaint.

42. The numerous false statements and false documents made and submitted by MPI to defraud Tyco Healthcare constitute material statements of fact.

43. MPI's false statements, false documents, and fraudulent scheme were knowingly false at the time they were made, and were intentionally made in order to deceive Tyco Healthcare.

44. MPI's false statements, false documents, and fraudulent scheme did in fact deceive Tyco Healthcare.

45. As a result of MPI's defrauding and deceit of Tyco Healthcare, Tyco Healthcare was fraudulently induced to pay hundreds of thousands of dollars to the defendants.

46. Tyco Healthcare reasonably relied upon the statements, documents and representations made and submitted by the defendants.

47. MPI's conduct described herein constitutes unlawful fraud, deceit and intentional misrepresentation, and has caused Tyco Healthcare substantial damages.

## COUNT III

### Breach of Contract

48. Tyco Healthcare restates the allegations contained in Paragraphs 1 through 47 of this Complaint.

49. MPI agreed to comply with the MPI Rebate Contracts, including policies and terms incorporated therein.

50. Tyco Healthcare has duly performed all of its obligations under the terms of MPI Rebate Contracts.

51. MPI breached the MPI Rebate Contracts by diverting the Products to markets in violation of the MPI Rebate Contracts, by submitting false rebate claims and other false information; making false statements; failing to comply with reasonable audit and verification requests, and by other acts and omissions.

52. As a result of MPI's breach of MPI Rebate Contracts, Tyco Healthcare has suffered substantial harm and damages.

## COUNT IV

### Breach of Implied Covenant of Good Faith and Fair Dealing

53. Tyco Healthcare restates the allegations contained in Paragraphs 1 through 52 of this Complaint.

54. Implied in the MPI Rebate Contracts is a covenant of good faith and fair dealing.

55. MPI has breached the implied covenant of good faith and fair dealing by, among other things, submitting false rebate claims and other false information; making

false statements; failing to comply with reasonable audit and verification requests; and by other acts and omissions described above.

56. As a result of its breach of the implied covenant of good faith and fair dealing, MPI has caused Tyco Healthcare to suffer substantial harm and damages.

## **REQUEST FOR RELIEF**

WHEREFORE, Tyco Healthcare respectfully requests that this Court:

(1) enter judgment in Tyco Healthcare's favor on all counts of this Complaint;

(2) grant permanent injunctive relief requiring MPI to account for and return all rebates paid by Tyco Healthcare to MPI;

(3) award Tyco Healthcare compensatory and exemplary damages in an amount to be determined at trial;

(4) award Tyco Healthcare treble damages, attorneys' fees, costs and other relief in accordance with Mass. Gen. Laws ch. 93A, §11;

(5) require MPI to disgorge all revenue and profit obtained by MPI as a result of its unfair, deceptive, or otherwise improper and unlawful conduct;

(6) grant such other relief as is appropriate and just.

## DEMAND FOR JURY TRIAL

Tyco Healthcare demands a trial by jury on those causes of action and issues on which Tyco Healthcare is so entitled.

Respectfully submitted,

TYCO HEALTHCARE GROUP LP

By its attorneys:

Jeffrey D. Clements, BBO #632544
Ben T. Clements, BBO #555802
Clements & Clements LLP
50 Federal Street
Boston, MA 02110
(617) 451-1802

Dated: July 7, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Tyco Healthcare Group LP

## DEFENDANTS
Medical Products, Inc.

(b) County of Residence of First Listed Plaintiff: **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Tippah**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey D. Clements
Clements & Clements, LLP
50 Federal Street, Boston MA 02110

Attorneys (If Known)
Unknown

04-11524 DPW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☒ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC Sec. 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 7/7/2004
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Tyco Healthcare Group LP v. Medical Products, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   **04-11524 DPW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Jeffrey D. Clements**
ADDRESS **Clements & Clements, LLP 50 Federal St. Boston, MA 02110**
TELEPHONE NO. **(617) 451-1800**

(Coversheetlocal.wpd - 10/17/02)