UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TYCO HEALTHCARE GROUP LP

Plaintiff,

v.

MEDICAL PRODUCTS, INC.

Defendant.

Civil Action No. 1:04-CV-11524-DPW

### AFFIDAVIT OF JEFFREY D. CLEMENTS

I, Jeffrey D. Clements, being duly sworn, state as follows:

1. I am an attorney admitted to practice in the U.S. District Court for the District of Massachusetts, among other courts, and am a partner in the law firm of Clements & Clements, LLP in Boston, Massachusetts. We represent the plaintiff Tyco Healthcare Group, LP ("Tyco Healthcare") in the above-captioned action.

2. We currently anticipate calling the following witnesses at trial to prove the allegations contained in the Complaint against defendant Medical Products, Inc. ("MPI"):

   a. Joseph Burke, Tyco Healthcare's Manager of Distributor Audits. Mr. Burke is employed at Tyco Healthcare's Mansfield, Massachusetts headquarters, and is responsible for reviewing distributor compliance with Tyco Healthcare policies and distributor fraud detection. He is expected to give a wide range of relevant testimony, including, without limitation, testimony concerning Tyco Healthcare's policies, terms and conditions concerning distributor contracts and rebates; his investigation and detection of the rebate fraud perpetrated by MPI; his communications with MPI and its president, Eddie McCafferty (all of which occurred while Mr. Burke was in Massachusetts); his

    determination that MPI was not selling the products to CP Medical, as MPI had claimed; the receipt in Massachusetts of false claim forms, statements and "invoices" from MPI and Mr. McCafferty; relevant policies, rebate forms, contract and other documents (which are largely located in Massachusetts); and Tyco Healthcare's damages as a result of MPI's conduct.

b. David Gaffney, Tyco Healthcare's Director, Health Systems, Alternate Site Accounts. Mr. Gaffney is employed at Tyco Healthcare's Mansfield, Massachusetts headquarters. Mr. Gaffney is expected to testify about his dealings with MPI, and will refute erroneous statements made in Mr. McCafferty's affidavit submitted with the defendant's motion to transfer, among other areas of testimony.

c. Erica Spendlove, Tyco Healthcare's Director of Rebates, is employed in the Mansfield, Massachusetts headquarters. She may testify about the administration of Tyco Healthcare rebates to qualified distributors, the rebate claim forms submitted to her office in Massachusetts by MPI, and the credit memos issued to MPI in Massachusetts based on those rebate claim forms.

d. Lorraine Mailhot, a Tyco Healthcare customer service representative, is employed in the Mansfield, Massachusetts headquarters. She may testify about her processing of MPI's rebate claims, and her communications with MPI employees concerning the CP Medical rebate contract.

e. Thomas Coady, a credit analyst with Tyco Healthcare. Mr. Coady also is employed at Tyco Healthcare's Mansfield, Massachusetts headquarters, and may testify concerning Tyco Healthcare's damages, including the impact of MPI's fraudulently obtained rebate credit memos.

f. Hal Lundell, a Senior Account Manager with Tyco Healthcare. Mr. Lundell is based in Washington, and his sales territory includes Portland, Oregon, where CP Medical is located. He is expected to testify concerning MPI's false representations that it was selling Tyco Healthcare products to a customer known as CP Medical, his belief based on MPI's representations that CP Medical was the customer, his negotiation of the rebate contract with MPI, as well as his other dealings with CP Medical and MPI.

g. Rob Cotten, an Account Manager with Tyco Healthcare, is based in Memphis, Tennessee. He is expected to testify concerning his statements to and dealings with MPI, MPI's claim that it intended

       to sell the products at issue to CP Medical and ship them to CP Medical or its customers, and his referral of MPI to Hal Lundell, who was the representative for the sales territory where CP Medical was located, among other things.

    h. Pat Ferguson, Jeff Baron and/or other employees of CP Medical, a medical products company in Portland, Oregon, are expected to testify concerning the falsity of MPI's representations of sales to CP Medical; their other dealings with MPI; and the misleading of Tyco Healthcare.

    i. Eddie McCafferty and other MPI employees, who are believed to be located in Ripley, Mississippi.

3. Litigating this case in the Northern District of Mississippi rather than in the District of Massachusetts would be significantly more expensive for Tyco Healthcare, and far less convenient to its employee witnesses and its counsel. If the case were litigated and tried in Mississippi, Tyco Healthcare would incur significant burden and expense in travel and transportation costs for counsel, witnesses, documents and exhibits.

4. Trial of the case in Mississippi would require that most, if not all, of the above-identified witnesses spend significant time away from their duties in Massachusetts during the trial.

5. It would be more convenient for Tyco Healthcare to bring the few employee witnesses who are not based in Massachusetts, such as Rob Cotten or Hal Lundell, to Massachusetts for trial.

Signed under the pains and penalties of perjury.

Dated: September 15, 2004

                                        Jeffrey D. Clements