**TYCO HEALTHCARE GROUP LP**

    **Plaintiff,**

    **v.**

**MEDICAL PRODUCTS, INC.**

    **Defendant.**

**Civil Action No. 1:04-CV-11524-DPW**

## PROTECTIVE AND CONFIDENTIALITY ORDER

Whereas this civil action (the "Action") involves discovery of information and documents that may include confidential competitive and proprietary business information, and in order to protect the public interest in competition and to avoid unnecessary harm to the parties by the improper disclosure of trade secrets or other confidential, proprietary information, it is hereby ORDERED pursuant to Fed. R. Civ. P. 26(c)(7) that this Protective and Confidentiality Order shall govern the production, dissemination and use of all information or material that is designated in this action as "Confidential" or "Confidential-Attorneys' Eyes Only."

A.    <u>Definitions</u>

1.    The term "Confidential Information" shall mean any documents or other information produced by the parties in discovery in the Action, and that are designated by any of the parties in accordance with this Order as "CONFIDENTIAL."

2.      The term "Confidential-Attorneys' Eyes Only Information" shall mean any documents or other information produced by the parties in discovery in the Action that are designated by any of the parties in accordance with this Order as "CONFIDENTIAL- Attorneys' Eyes Only."

3.      The phrase "preparation for trial and trial of the action" shall mean preparation for trial and trial of the Action, and preparation for, participation in, and prosecution and defense of, any appeal, rehearing, review, or other judicial proceeding in the Action.

4.      The term "trade secret" shall have the same meaning as under Massachusetts law, including without limitation, Mass. Gen. Law ch. 93, §42A and ch. 266, §30.

5.      The phrase "confidential or other proprietary information" shall mean information that is protected from disclosure by law, policy, or written agreement.

B.      Designation of Confidential Information and Confidential-Attorneys Eyes Only Information

1.      Any party to this action or other person who produces or supplies information, documents or other tangible items for use in this action in the course of discovery (hereinafter, "Designating Party") may designate as "Confidential" documents or information produced by it that it reasonably and in good faith believes constitute or contain trade secrets or confidential or proprietary information.

2.      Any party may designate as "Confidential-Attorneys' Eyes Only" documents or information produced by it that it reasonably and in good faith

believes (a) constitute or contain trade secrets or confidential or proprietary information and (b) such information is so proprietary and competitively sensitive that its disclosure would cause substantial injury or harm to the Designating Party.

3.    Designation in accordance with this Order shall be accomplished by the Designating Party's stamping or otherwise imprinting of "Confidential" or "Confidential-Attorneys' Eyes Only" on each page of a document that constitutes or contains Confidential Information or Confidential-Attorneys' Eyes Only Information.  A Designating Party may designate documents or other information as "Confidential" or "Confidential-Attorneys' Eyes Only" at any time, and failure to make a designation under this Confidentiality Order at the time the document, testimony or other information is produced shall not constitute a waiver of a party's right to designate such document, testimony or other information as "Confidential" or "Confidential-Attorneys' Eyes Only" at a later date by informing the other party of the specific document page number that is so designated.

4.    As to deposition testimony, if a Designating Party advises the court reporter at the conclusion of a deposition that Confidential Information or Confidential-Attorneys' Eyes Only Information was disclosed during the deposition, the Designating Party shall, within ten days of receiving the deposition transcript, advise the court reporter and serve counsel for all parties with notice of the pages and lines in which the Confidential Information or Confidential-Attorneys' Eyes Only Information appears.  Only those portions of

the deposition transcript so designated shall be treated as Confidential Information or Confidential-Attorneys' Eyes Only Information under this Order.

5.      Any party, at any time after production of material designated as Confidential Information or Confidential-Attorneys' Eyes Only Information, may object to such designation by notifying the Designating Party of the objection, and specifying the designated material to which the objection is made.  The parties shall, within ten days of the notice of objection, meet and confer concerning the designation and objection.  If the objection is not resolved, the objecting party may bring its objections to the attention of the Court by motion with ten days notice to the other parties.

C.      Use of Confidential and Confidential-Attorneys' Eyes Only Information

1.      Confidential Information and Confidential-Attorneys' Eyes Only Information produced by the parties in the Action shall be used only for the purpose of the preparation for trial and trial of the Action.  Nothing designated as Confidential Information or Confidential-Attorneys' Eyes Only Information shall be used for any commercial, business, marketing, competitive, personal, or other purposes whatsoever.

2.      Confidential Information shall not be disclosed to any person other than (1) counsel of record for the parties in the Action and any in-house counsel for the parties; (2) employees of such counsel in connection with the preparation for trial and trial of the Action; (3) partners, officers, or employees of the parties in connection with the preparation for trial and trial of this action; (4) consultants or experts in connection with the preparation for trial and trial of this action; (5)  a

4

deposition witness, but only during the course of a deposition, unless otherwise provided in this Order; and (6) the Court, including the judge, law clerks, courtroom and docket clerks, and other court personnel.  Each person to whom Confidential Information is disclosed shall be informed of this Order before disclosure to such person of any Confidential Information.

3.    Confidential-Attorneys' Eyes Only Information shall not be disclosed to any person other than attorneys of the parties, including in-house counsel, who are actively involved in the preparation for trial and trial of the Action, and the Court, including the judge, law clerks, courtroom and docket clerks, and other court personnel.  .  Each person to whom Confidential-Attorneys' Eyes Only Information is disclosed shall be informed of this Order.

4.    If a party wishes to disclose Confidential Information or Confidential-Attorneys' Eyes Only Information to any person not described in paragraphs C.2 and C.3 of this Order, permission to so disclose must be granted in writing by the Designating Party.  If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless this Court, upon motion, orders otherwise.

5.    If any party intends to file with the Court any Confidential Information or Confidential-Attorneys' Eyes Only Information the party shall first either (1) obtain permission in writing from the Designating Party for the public filing of the designated information (and if such written permission is granted, the information shall no longer be considered as Confidential Information or Confidential-Attorneys' Eyes Only Information);  (2)  comply with the procedures

for objecting to the designation as set forth in paragraph B.5 above; or (3) present

a motion for impoundment pursuant to Local Rule 7.2 each time the documents or

group of documents is to be filed.


Dated: _____    _____