**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**TYCO HEALTHCARE GROUP LP**

        **Plaintiff,**

**v.**

**MEDICAL PRODUCTS, INC.**

        **Defendant.**

**Civil Action No. 1:04-CV-11524-DPW**

**PLAINTIFF TYCO HEALTHCARE'S MOTION TO COMPEL DISCOVERY**
**CONCERNING SALES OF TYCO HEALTHCARE PRODUCTS**

        Plaintiff Tyco Healthcare Group LP ("Tyco Healthcare") moves pursuant to Fed.

R. Civ. P. 37(a) for an order compelling defendant Medical Products, Inc. ("MPI") to

produce documents and information concerning sales of Tyco Healthcare's medical

syringes and other products (the "Products") by MPI, a distributor, under a Rebate

Contract with Tyco Healthcare (the "Rebate Contract").  This information, which MPI

now claims is a trade secret, is required to be produced under the Rebate Contract itself.

Further, the requested information is central to this action because MPI fraudulently

obtained hundreds of thousands of dollars in rebates from Tyco Healthcare by submitting

falsified invoices, fraudulent rebate claims, and by making false statements about its sales

of the Products so that it could obtain rebate payments and at the same time divert those

Products away from CP Medical, a customer identified in the Rebate Contract, to

customers in other markets where MPI could fraudulently obtain higher prices.

        MPI's refusal to identify the recipients of Tyco Healthcare Products covered by

the Rebate Contract is frivolous for at least three independent reasons.  First, Tyco

Healthcare policies and contractual obligations to which MPI agreed explicitly require

MPI to disclose to Tyco Healthcare the identity of customers to which MPI sold the

Products.  Second, even if MPI had not already agreed to disclose the identity of such

customers, that information must be produced because it relevant to both liability and

damages issues in this case, and is not a trade secret.  Finally, even if MPI's dubious trade

secret claim had any foundation, the Confidentiality and Protective Order previously filed

with the Court addresses any ostensible concern about disclosure or misuse.

Tyco Healthcare respectfully requests that the Court order MPI to produce all

responsive information concerning sales of the Products, and that MPI refrain from

continuing to conceal the identity of those to which it sold the Products.  Because MPI

lacks a reasonable basis for its refusal to produce information concerning customers who

purchased the Products, particularly in light of its contractual agreement to identify these

customers and of the parties' agreed-upon Protective and Confidentiality Order, Tyco

Healthcare also requests that MPI be ordered to pay Tyco Healthcare's expenses and

attorneys' fees incurred in bringing this motion, as permitted under Fed. R. Civ. P.

37(a)(4).  In support of this Motion, Tyco Healthcare submits the accompanying

Memorandum and Exhibits.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Plaintiff Tyco Healthcare hereby requests oral

argument concerning this Motion.

Respectfully submitted,

TYCO HEALTHCARE GROUP LP

By its attorneys:

/s/ Jeffrey D. Clements

_____
Jeffrey D. Clements, BBO #632544
Ben T. Clements, BBO #555802
Clements & Clements LLP
50 Federal Street
Boston, MA 02110
(617) 451-1802

Dated: January 11, 2005

### CERTIFICATE OF SERVICE

I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served electronically and by first class mail to counsel of record for the defendant on January 11, 2005.

/s/ Jeffrey D. Clements

_____

### CERTIFICATION PURSUANT TO RULE 37(a)(2) AND LOCAL RULE 37.1(A)

I, Jeffrey D. Clements, hereby certify that I have conferred on several occasions with Michael Galvin, Esq., counsel for Defendant Medical Products, Inc. in a good faith effort to secure the disclosure of the discoverable information described herein, and to narrow the areas of disagreement to the greatest possible extent.

/s/ Jeffrey D. Clements

_____