UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TYCO HEALTHCARE GROUP LP

    Plaintiff,

v.

MEDICAL PRODUCTS, INC.

    Defendant.

Civil Action No. 1:04-CV-11524-DPW

### AFFIDAVIT OF JOSEPH BURKE

I, Joseph Burke, being duly sworn, state as follows:

1. I serve as Manager of Distributor Audits for Tyco Healthcare Group LP and its Kendall division ("Tyco Healthcare") and am employed in the Mansfield, Massachusetts headquarters of Tyco Healthcare. I am responsible for reviewing distributor compliance with Tyco Healthcare policies and contract terms, and assist in detecting product diversion or rebate fraud by distributors who purchase Tyco Healthcare products.

2. I participated in the investigation into certain rebate claims submitted by Medical Products, Inc. ("MPI"). These claims falsely reported that MPI sold the Tyco Healthcare products it acquired to CP Medical of Portland, Oregon. This affidavit concerns MPI's motion to transfer the case to Mississippi, and is not intended to

contain a summary of all of the information known to me as a result of my work concerning MPI's rebate claims.

3. My investigation of MPI's rebate fraud that is the subject of this litigation occurred in Massachusetts; MPI's rebate contract with Tyco Healthcare was approved in Massachusetts; MPI's false rebate claim forms were filed in Massachusetts; the rebate claims were processed in Massachusetts; the credit memos to MPI resulting from the rebate claims were issued in Massachusetts; my communications with MPI were made from Massachusetts; MPI sent invoices falsely claiming products were sold to CP Medical to me in Massachusetts; and the documents reflecting the above-described events are in Massachusetts.

4. Each of the relevant rebate claim forms were sent by MPI to Tyco Healthcare in Massachusetts, and represented that MPI had sold products to CP Medical. The forms referenced a Tyco Healthcare rebate contract that applied to product sales to CP Medical.

5. Each rebate claim form identified Tyco Healthcare's headquarters in Mansfield. An example of one of these forms is attached as Exhibit 1.

6. MPI's rebate claims linked to the CP Medical contracts were processed in Mansfield, and credit memos were issued to MPI from Mansfield. Each credit memo identified Tyco Healthcare's Massachusetts headquarters. An example of one of these credit memos is attached as Exhibit 2.

7. In the course of investigating whether the rebate claim forms were fraudulent, I had several communications with Eddie McCafferty, and repeatedly asked him for information concerning MPI's alleged sales to CP Medical, and for truthful

information about MPI's rebate claims. These communications were made from my office in Mansfield.

8. Until confronted with the confirmation we had received from CP Medical that it had not purchased any Tyco Healthcare products from MPI, Mr. McCafferty always insisted that MPI was selling the products on which MPI claimed rebates to CP Medical.

9. After CP Medical admitted purchasing no Tyco Healthcare products from MPI, Mr. McCafferty began maintaining that MPI "drop shipped" the products directly to CP Medical's end-user customers, and paid a commission to CP Medical.

10. At no time in my communications with him did Mr. McCafferty ever claim that MPI was not selling to CP Medical or to CP Medical's customers. At no time did Mr. McCafferty ever tell me that Rob Cotten or any other Tyco Healthcare employee instructed him to misrepresent sales as being to CP Medical when in fact they were not sales to CP Medical.

11. In August 2003, in response to my inquiries concerning the sales that MPI claimed had been made to CP Medical, Mr. McCafferty sent a large number of "invoices" to me in Mansfield. These invoices represented that the products had been sold to CP Medical. An example of these invoices is attached as Exhibit 3.

12. It appeared that Mr. McCafferty or someone else at MPI drew a line through the identification on these invoices of CP Medical as the recipient of the products so as to attempt to support the claim that MPI drop shipped CP Medical's purchases directly to CP Medical's customers. *See* Exhibit 3.

13. Attempting to verify Mr. McCafferty's claim that MPI was selling products to CP Medical but drop shipping to CP Medical customers and to ensure compliance with Tyco Healthcare policies and contract terms and conditions, I repeatedly asked Mr. McCafferty to identify those customers or show that they were legitimate CP Medical customers.

14. Neither MPI nor CP Medical ever identified such customers or otherwise complied with this request.

15. I have reviewed the Affidavit of Mr. McCafferty filed by MPI in connection with its effort to transfer this action to Mississippi. Mr. McCafferty's claim that I refused to provide him with a copy of Tyco Healthcare's written rebate policy is not correct. The Tyco Healthcare rebate policy is contained in the Distribution Price List sent to distributors. Mr. McCafferty did not request an additional copy of the policy in my conversations with him, and if he had, I would have sent him a copy of the rebate policy.

16. The Tyco Healthcare rebate policy states clearly that a distributor is eligible to receive a rebate only if "the product was sold directly to a qualified customer eligible to purchase that product under a contract duly authorized by Kendall [Tyco Healthcare]." Further, the rebate policy to which distributors such as MPI agreed clearly stated that "audits will include, but not be limited to, review of each customer[']s purchases from the distributor which become the basis for any distributor[']s rebate claim." A copy of the rebate policy from the March 2002 Distribution Price List is attached as Exhibit 4.

17.  As I am employed in Mansfield, Massachusetts, and reside nearby, the court in Boston is far more convenient to me if I am called to testify in the above-captioned matter than a court in Mississippi.

Signed under the pains and penalties of perjury.

Dated: 9/13/04

_____
Joseph Burke

# EXHIBIT 1

May 16 03 10:46a     Christy V.              662-837-3679              p.2

## KENDALL HEALTHCARE PRODUCTS COMPANY
15 HAMPSHIRE STREET
MANSFIELD, MA 02048

**REBATE CLAIM** for the month of: April 2003

YOUR NAME & ADDRESS: Medical Products, Inc. / 511 East Walnut / Ripley, MS 38663

END CUSTOMER NUMBER: CP Medical
NAME:
COMPLETE ADDRESS:
(REQUIRED FOR PROCESSING)

PO# 17470

| Item # | Quantity | UOM | Your Inv. # to End Customer | Inv. Date to End Customer | Contract # | Unit Rebate | Requested Rebate Total |
|---|---|---|---|---|---|---|---|
| 512852 | 40 | Case | 0809980 | 4-18-03 | AC109683 | 42.20 | 1688.00 ✓ |
| 513918 | 8 | " | D8095880 | 4-17-03 | | 37.89 | 303.12 ✓ |
| 516135 | 5 | | 08095879 | 4-17-03 | | 66.75 | 333.75 ✓ |
| 250016 | 20 | | | | | 42.15 | 843.00 ✓ |
| 250040 | 75 | | | | | 42.15 | 3161.25 ✓ |
| 250107 | 30 | | | | | 42.15 | 1264.50 |
| 250123 | 80 | | | | | 42.15 | 3372.00 ✓ |
| 250206 | 25 | | | | | 42.15 | 1053.75 |
| 250222 | 50 | | | | | 42.15 | 2107.50 |
| 25033 | 75 | | | | | 42.15 | 3161.25 ✓ |
| 250321 | 2 | | | | | 42.15 | 84.30 ✓ |
| 500014 | 4 | | | | | 42.75 | 171.00 ✓ |
| 501368 | 9 | | | | | 43.95 | 395.55 |
| 512597 | 5 | | | | | 66.15 | 330.75 |
| 512860 | 10 | | | | | 16.60 | 166.00 |
| 512878 | 10 | | | | | 42.20 | 422.00 |
| 513025 | 5 | | | | | 66.55 | 332.75 |
| 516911 | 13 | | | | | 42.50 | 552.50 |
| 516937 | 7 | | | | | 42.50 | 297.50 |
| 520665 | 7 | | | | | 58.25 | 407.75 |
| 520673 | 20 | | | | | 79.50 | 1590.00 |
| 535796 | 20 | | ✓ | ✓ | ✓ | 53.28 | 1065.60 |

**Total Requested Rebate:**

→

May 16 03 10:46a        Christy V.                    662-837-3679                p.3

**KENDALL** HEALTHCARE PRODUCTS COMPANY
15 HAMPSHIRE STREET
MANSFIELD, MA 02048

**REBATE CLAIM**
for the month of: April 2003

| YOUR NAME & ADDRESS | Medical Products, Inc. 511 East Walnut Ripley, MS 38663 | END CUSTOMER NUMBER: | CP Medical |
| --- | --- | --- | --- |
| | | NAME: | |
| | | COMPLETE ADDRESS: (REQUIRED FOR PROCESSING) | |

PO # 17470 (pg. 2)

| Item # | Quantity | UOM | Your Inv. # to End Customer | Inv. Date to End Customer | Contract # | Unit Rebate | Requested Rebate Total |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 501160 | 100 | Case | 08055879 | 4-17-03 | AC109683 | 43.95 | 4395.00 |

```
                    0.*
. . . . . . . . . . . . . . . -P
. . . . . . . . . . . . . . . +P
              1,688.00+
                303.12+
                333.75+
                843.00+
              3,161.25+
              1,264.50+
              3,372.00+
              1,053.75+
              2,107.50+
              3,161.25+
                 84.30+
                171.00+
                395.55+
                330.75+
                166.00+
                422.00+
                332.75+
                552.50+
                297.50+
                407.75+
              1,590.00+
              1,065.60+
              4,395.00+
             27,498.82*
```

Total I                                                           27498.82        26598.82

May 16 03 10:46a         Christy V.                    662-837-3679                    p.4

*H7668259*
*AP 47373.22*
*42473.22*

-B-
10 lr 983
Batch 122584
priced
contracts 05/16
posted 05/21

**KENDALL** HEALTHCARE PRODUCTS COMPANY
15 HAMPSHIRE STREET
MANSFIELD, MA 02048

**REBATE CLAIM**
for the month of: April 2003

| YOUR NAME & ADDRESS | Medical Products, Inc.<br>511 East Walnut<br>Ripley, MS 38663 | END CUSTOMER NUMBER: CP Medical<br>NAME:<br>COMPLETE ADDRESS:<br>(REQUIRED FOR PROCESSING) |

PO# AH3601

| Item # | Quantity | UOM | Your Inv. # to End Customer | Inv. Date to End Customer | Contract # | Unit Rebate | Requested Rebate Total |
|---|---|---|---|---|---|---|---|
| 516135 | 10 | case | DS112247 | 4-23-03 | AC109683 | 66.75 | 667.50 |

**Total Requested Rebate:**  667.50

Ck# 30959

R88 -168.35
0388902

06/24  APB 40864955
(offset when ded. is taken)

May 16 03 10:47a        Christy V.                      662-837-3679              p.5

## KENDALL HEALTHCARE PRODUCTS COMPANY
15 HAMPSHIRE STREET
MANSFIELD, MA 02048

**REBATE CLAIM** for the month of: _April 2003_

YOUR NAME & ADDRESS: Medical Products, Inc. / 511 East Walnut / Ripley, MS 38663

END CUSTOMER NUMBER: _CP Medical_
NAME:
COMPLETE ADDRESS:
(REQUIRED FOR PROCESSING)

PO# 047401

| Item # | Quantity | UOM | Your Inv. # to End Customer | Inv. Date to End Customer | Contract # | Unit Rebate | Requested Rebate Total |
|---|---|---|---|---|---|---|---|
| 250016 | 22 | Case | 08125431 | 4-25-03 | AC109683 | 42.15 | 927.30 |
| 200573 | 20 |  | 08101020 | 4-18-03 |  | 115.00 | 2300.00 |
| 250107 | 95 |  |  |  |  | 42.15 | 4004.25 |
| 250339 | 60 |  |  |  |  | 42.15 | 2529.00 |
| 50104 | 15 |  | ✓ | ✓ |  | 42.75 | 641.25 |
| 250016 | 114 | ✓ | 08103767 | 4-21-03 | ✓ | 42.15 | 4805.10 |

**Total Requested Rebate:** 15206.90

# EXHIBIT 2

# KENDALL
HEALTHCARE PRODUCTS COMPANY
THE KENDALL COMPANY · 15 HAMPSHIRE STREET · MANSFIELD, MA 02048

DUPLICATE CREDIT MEMO

# CREDIT MEMO

| PAGE NO. | CREDIT MEMO DATE | CREDIT MEMO NUMBER |
|---|---|---|
| 1 | 5/21/03 | 08211455 |

REASON CODE: 16M REBATE CREDIT

**SOLD TO:** KENDALL
ACCOUNT NUMBER: H7662259
MEDICAL PRODUCTS INC
PO BOX 207
RIPLEY        MS 38663-0207

**SHIP TO:**
ACCOUNT NUMBER: H7662259-0000
MEDICAL PRODUCTS INC
PO BOX 207
RIPLEY        MS 38663-0207

TERR#: BE010

| CUSTOMER ORDER NUMBER | CUST. ORDER DATE | |
|---|---|---|
| 04/03 REBATE | 4/15/03 | 15843943-00 |

| PREV. INVOICE NO. | PREV. INV. DATE | MAN. INVOICE NO. | MAN. INV. DATE |
|---|---|---|---|
| | | | |

| PRODUCT CODE | DESCRIPTION | QUANTITY UNIT | U/M | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| H76A4917 0000 | CASCADE PACIFIC MED PORTLAND | | | OR | 37,304.87- |

*mailed 05/22/03*

KENDALL HEALTHCARE PRODUCTS COMPANY

CREDIT MEMO AMOUNT
$37,304.87-

# EXHIBIT 3

```
MEDICAL PRODUCTS INC.                           INVOICE NO.   136964
P.O. BOX 207                                         DATE: 04/16/02
511 E. WALNUT                                    PAGE NO.           1
RIPLEY, MS 38663
800-638-0489


Sold  C P MEDICAL                     Ship  C P MEDICAL
To    836 NE 24TH AVENUE              To    836 NE 24TH AVENUE

      PORTLAND, OR 97232                    PORTLAND, OR 97232


Item#:1094
Salesman:002
--------------------------------
Qty      Unit      Item #
--------------------------------
  20     CASE      MJ250016
  75     CASE      MJ250040
  30     CASE      MJ250107
  80     CASE      MJ250123
  25     CASE      MJ250206
  50     CASE      MJ250222
  75     CASE      MJ250313
   2     CASE      MJ250321
   4     CASE      MJ500014
  99     CASE      MJ501160
   9     CASE      MJ501368
   5     CASE      MJ512597
  10     CASE      MJ512860
  10     CASE      MJ512878
   5     CASE      MJ513025
  13     CASE      MJ516911
   7     CASE      MJ516937
   7     CASE      MJ520665
  20     CASE      MJ520673
  20     CASE      MJ535796
```

# EXHIBIT 4

# KENDALL

## REBATE POLICY

- **ELIGIBILITY TO RECEIVE REBATES**

    A distributor is eligible to receive a contract rebate **only if**:
    1. The contracted product was **purchased directly from Kendall**. No "gray market/overstocked dealer" purchases are applicable.

        Kendall will periodically review and compare distributor purchases of Kendall products directly from Kendall and rebates paid by Kendall to the distributor. The distributor must provide Kendall with a satisfactory explanation for any rebates in excess of direct purchases or those rebates will be disallowed.

    2. The product was sold directly to a qualified customer eligible to purchase that product under a contract duly authorized by Kendall.

        Kendall reserves the right to conduct audits of the distributors purchases at reasonable times and the distributor agrees to cooperate fully in providing files and documents necessary for such audits. Kendall audits will include, but not be limited to, review of each customers purchases from the distributor which become the basis for any distributors rebate claim.

- **REBATE CONTRACT REQUIREMENTS**

    Rebate contracts are in effect only if an agreement number has been assigned by Kendall Pricing Administration.

    The agreement number must appear on all rebate claims so that the claim can be identified with the specific rebate contract.

    Rebates paid to the distributor will be computed by Kendall solely by reference to the customer agreement which is in effect for the end-user customer. The rebate amount for each product shall equal the difference between the rebate contract net price for such product and Kendall's lowest distributor price for such product (regardless of whether the actual price paid by the distributor exceeds such list price because the distributor purchased less than 20 cases of such product).

- **FILING FOR REBATES**

    All applicable rebates are generated from rebate claims and credited to the distributor. No rebate claim will be processed by Kendall if received more than **90 days** from the date of the distributor's invoice to the customer.

    Kendall claim forms must be completed in full and **evidence of sale to qualified customers** must be attached. Rebate tapes or EDI files with formats that have been approved by Kendall may be used in lieu of claim forms.

    Proof of sale documents must identify hospital/end-user name, address, zip code, invoice number, invoice date, Kendall product code, quantity, unit of measure, agreement number and unit claimed amount.

    If a **customer returns** product to the distributor, the return must be reported on the rebate claim request if the distributor previously received a rebate for those products. **Receiving double rebates is not permitted.**

    By signing the rebate request, the individual is certifying that the information is accurate and that the rebate request meets all the policy requirements.

- **DISTRIBUTOR LIST PRICE CHANGES**

    If Kendall changes its prices to the distributor, rebate amounts for qualified customers will be adjusted effective on the first business day of the month following the price change.

- **UNAUTHORIZED REBATE PAYMENTS**

    In the event that the distributor claims and receives an unauthorized rebate payment as a result of a violation of these policies, Kendall reserves the right to:

    Recover moneys paid by reducing future rebate credits, deducting any incentive moneys earned by the distributor or by direct payment to Kendall. Kendall also reserves the right to deny future rebate claims and to charge the distributor for reasonable costs associated with audit and collection procedures.